THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSEPH KLEIN**  **Plaintiff,**  v.  **ESJ RESORT, LLC.**  **Defendant.** | **Civil No. 21-1570 (ADC)** |

**OPINION AND ORDER**

**I.      Procedural background**

Plaintiff Joseph Klein ("plaintiff") filed a complaint against ESJ Resorts, LLC ("defendant") under this Court's diversity jurisdiction claiming damages suffered when plaintiff's foot allegedly got caught in overgrown tree roots and fell in defendant's premises. **ECFC No. 1**. Plaintiff moved for entry of default. **ECF Nos. 4, 5**. Defendant responded and, a week later, moved to dismiss the complaint for lack of jurisdiction. **ECF Nos. 6, 8**. Defendant's Fed. R. Civ. P. 12(b)(1) motion to dismiss calls into question this Court's jurisdiction under the argument that the amount in controversy falls short of minimum amount required by 28 U.S.C. 1332(a). **ECF No. 8**. Specifically, defendant argues that "there is objective evidence – an admission against interest – that Plaintiff's damages do not exceed the jurisdictional $75,000.00 threshold. Indeed, in an extrajudicial demand sent to [defendant]… on August 25, 2021, [p]laintiff himself estimated his total damages to be $15,307.00." **ECF No. 8** at 2.

Plaintiff moved to strike and opposed defendant's motion to dismiss. **ECF No. 9**.[1] Defendant replied. **ECF No. 10**.

## II.     Legal standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) "constitutes a challenge to the federal court's subject-matter jurisdiction[.]" *Surén-Millán v. United States*, 38 F. Supp. 3d 208, 212 (D.P.R. 2013). The "[p]ertinent inquiry is whether the challenged pleadings set forth allegations sufficient to demonstrate that the subject matter jurisdiction of the Court is proper." *Marrero v. Costco Wholesale Corp.*, 52 F. Supp. 3d 437, 439 (D.P.R. 2014). However, the Court must construe the complaint liberally and treat all well-pleaded facts as true, "according the plaintiff the benefit of all reasonable inferences." *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). Dismissal is only proper if the facts alleged reveal a jurisdictional defect not otherwise remediable. *Sumitomo Real Estate Sales (N.Y.), Inc. v. Quantum Dev. Corp.*, 434 F. Supp. 2d 93, 95 (D.P.R. 2006); *see Colón-Torres v. BBI Hosp. Inc.*, 552 F. Supp. 3d 186, 190 (D.P.R. 2021).

When considering a Rule 12(b)(1) motion to dismiss, the Court may consider all pleadings submitted by the parties. *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996). Thus, the Court "is not restricted to the face of the pleadings but may consider extra-pleading materials, such as affidavits and testimony to resolve factual disputes concerning the existence

---

[1] For the most part, plaintiff's opposition questioned the admissibility of the document upon which defendant relies in its jurisdictional challenge. Because defendant's jurisdictional argument fails even if the communication is deemed admissible, the Court need not delve into the parties' dispute over Fed. R. Evid. 408. *See Carrozza v. CVS Pharm., Inc.*, 992 F.3d 44, 52 (1st Cir. 2021).

of jurisdiction." *Fernández-Molinary v. Industrias la Famosa, Inc.*, 203 F. Supp. 2d 111, 114-15 (D.P.R. 2002) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)).

### III.    Discussion

Defendant argues that dismissal is proper because plaintiff does not meet the threshold amount for diversity jurisdiction. **ECF No. 8**. For the most part, plaintiff's opposition (styled as a motion to strike) questioned the admissibility of the document upon which defendant relies in its jurisdictional challenge. **ECF No. 9**. Defendant filed a reply (styled as a response to plaintiff's motion to strike) filled with arguments over the applicability of Fed. R. Evid. 408. **ECF No. 10**. However, the parties' quarrel over Fed. R. Evid. 408 is futile. The Court need not delve into the parties' dispute over Fed. R. Evid. 408 because defendant's jurisdictional argument fails even if defendant prevailed on evidentiary grounds. *See Carrozza v. CVS Pharm., Inc.*, 992 F.3d 44, 52 (1st Cir. 2021).

In actions brought in federal court pursuant to diversity jurisdiction, jurisdiction lies only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Several decades ago, the Supreme Court clarified:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, **the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal… if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.**

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)(emphasis added). First Circuit Court cases have construed the applicable test as requiring "'legal certainty that the claims is really less than the jurisdictional amount." *Esquilín-Mendoza v. Don King Productions, Inc.*, 638 F.3d 1, 4 (1st Cir. 2011). If the Court were to find to a "legal certainty" that the claims is less than $75,000, then the implied good faith would vanish. *Id.*, s*ee Barrett v. Lombardi,* 239 F.3d 23, 30 (1st Cir. 2001).

Defendant argues that the case should be dismissed for lack of jurisdiction because plaintiff allegedly admitted in an pre-suit email communication that his total damages amounted only to $15,307.00. **ECF No. 8, 8-1.** According to defendant, the pre-suit communication reflects that the $750,000.00 claim for pain and suffering was not asserted in good faith and demonstrates that there is legal certainty that the claim is really for less than the jurisdictional amount.

However, at this stage, plaintiff's statements in the email communication and the factual allegations in the complaint provide enough detail that could sustain an award beyond $75,000. That is, it is not a legal certainty that the physical and emotional damages in this case would not be enough to sustain such an award.

In the email, plaintiff acknowledges receipt of defendant's offer for a future stay (credit with the hotel) and states that:

[the credit] does nothing to address **the hell I have gone through. On many levels daily life is not the same because of this slip and fall injury on your property. As a result, I have a fractured foot and chipped bone**…

The accident and resulting **injury has had three financial impacts. 1) loss of work 2) Pain and suffering 3) Medical expenses**. I have completed the attached calculation, which is commonly used with injuries such as these…

I estimate these costs as follows:

1. Loss of work: My annual is approximately 275,000. I can provide the tax return to support this. Weekly earnings [] $5,288.46

    (a.) The first two weeks 8/5 - 8/19 I was really immobile. The doctor told me not to bear weight on the foot. While I was able to work from home, I was at 50% of my normal workload and responsibility. $5,288.46 x 50% x 2 weeks = $5,288.46

    (b.) Currently I am in week three. I have started to move and can bear weight on the foot. I am work [sic], at 75% of my normal workload and responsibility. But still not at full strength I expect the same in week 4 (doctors [sic] assessment). The loss of work ability is therefore 25% $5,288.46 x 25% x 2 weeks = $2,644.23

    (c.) I still have to wear the boot for an additional 2 weeks - full six weeks in total. I am hoping to be at 100% of my normal work schedule. No loss factor

    (d.) Total earnings affected = $7,932.69

2. **Pain and suffering - This is hard to quantify.** I can **only tell you how I feel and the level of swelling and level of immobility. The calculation uses a multiple to determine this on a scale of 1.5 to 5. I choose the midpoint 3.25[.]**

    (a.) The first week 8/5 - 8/12 - **I was in severe pain. I could not go out of the house much or enjoy much of anything**

>> **(b.) The 2nd week 8/13 - 8/20 - I was in stiff and unyielding pain. I began to get around some**.
>
> (c.) Currently I am in week three. The pain / discomfort is bearable. However, **I still cannot get around like I want to. This will continue until the doctor clears me to remove the boot. That date is schedule for Friday 9/17**
>
> (3.) Medical expenses - **To date, I have had two series of X-rays, one ultrasound scan. The cost of the boot and medications. I approximate the out of pocket cost after insurance coverage to be $1,500**[.] Based on the form that calculates damages of this nature, my claim should I seek to go to court would be $15,307. I dont have the time and energy for litigation (although I have cc'ed an attorney - Eva Fishof). **I want to get back to normal life**, no drag this thru an uncomfortable and costly process[.]

**ECF No.8-1** at 2-3, (emphasis added and in the original).

At this stage, such statements cannot reasonably be interpreted as a legal certainty that plaintiff's physical and emotional damages would not be enough to sustain an award of $75,000. First, defendant does not cite any statute or defense--and the Court cannot think of one either--that limits the amount of recovery. *See Reyes de León v. Coconut Properties, LLC*, 567 F. Supp. 3d 343, 347 (D.P.R. 2021). Second, the complaint is not devoid of factual allegations detailing the damages claimed nor is it limited to conclusory allegations. To the contrary, plaintiff alleges, among other things, that he suffered a fracture to his left foot, which had to be immobilized for six weeks and that his condition was complicated by what was diagnosed as "mid to proximal posterior tibial venous thrombosis," a life-threatening condition that causes considerable pain. **ECF No. 1** at 4. According to the complaint, at the time it was filed, plaintiff was still receiving physical therapy and "his physical activities remain limited, as he is still unable to jog. It is likely

that Mr. Klein will remain [sic] some degree of impairment in his left foot, which will adversely affect his daily living activities." **ECF No. 1** at 4.

Third, the instant case is distinguishable from *Raya-Rodríguez v. Sears, Roebuck*, 349 F. Supp. 2d 211, 212 (D.P.R. 2004),[2] cited by defendant in support of its motion to dismiss. Defendants in *Raya-Rodríguez* sought to dismiss the complaint on the ground that the claims fell below the jurisdictionally required amount because plaintiffs failed to allege that the child's injury required continued medical treatment and that plaintiffs had submitted a settlement demand which proposed a settlement amount below the statutory amount. The *Raya-Rodríguez* Court agreed with defendant and dismissed the case under the "legal certainty" test.

Contrary to the factual allegations in this case, the Court's finding in *Raya-Rodríguez* (i.e. that the amount in controversy did not amount to $75,000.00) heavily relied on the fact that there was no record of continued medical treatment for the physical or emotional injury suffered. As a matter of fact, the *Raya-Rodríguez* Court factored-in that plaintiff "made a full recovery and there [was] no indication of an adverse prognosis indicating that her injury could re-surface or hamper her as she grows older." *Raya-Rodríguez,* 349 F. Supp. 2d at 214-15.

Considering the fact that in ruling on a Rule 12(b)(1) motion the Court must construe the complaint liberally and indulge all reasonable inferences in favor of the plaintiff, the Court cannot find at this stage that plaintiff's claims fall below the threshold amount under the legal

---

[2] Opinion reinstated on reconsideration sub nom. *Raya-Rodríguez v. Sears Roebuck Co.*, 389 F. Supp. 2d 275 (D.P.R. 2005).

certainty test. Accordingly, the motion to dismiss at **ECF No. 8 is DENIED WITHOUT PREJUDICE**. The motion to strike at **ECF No. 9** and the motions for default entry at **ECF Nos. 4, 5 are DENIED**. Defendant is granted 21 days to file a responsive pleading. Answer to the Complaint due by August 31, 2022.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 10th day of August, 2022.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**